IN THE CIRCUIT COURT OF MACON COUNTY, MISSOURI

| | |
|---|---|
| DANNY SLATES, Individually and as Plaintiff Ad Litem for KARLA LAMMERS, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> SEYED SAJADI, M.D., JEFFREY TURK, M.D., and SAMARITAN MEMORIAL HOSPITAL <br><br> Defendants. | Case No. 06MG-CC00023  |

### PETITION FOR WRONGFUL DEATH OR SURVIVAL DAMAGES

COMES NOW, Plaintiff, Danny Slates, by and through his attorneys of record, and for his cause of action against the Defendants, and each of them, alleges and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, Danny Slates, is the sole surviving child of Decedent, Karla Lammers, is within the class of individuals who may bring a wrongful death action and has been duly appointed as the plaintiff ad litem for Decedent Karla Lammers.

2. Defendants, Seyed Sajadi and Jeffrey Turk are and were at all times hereinafter mentioned physicians licensed in the State of Missouri to practice of medicine.



3. Defendant Samaritan Memorial Hospital is a corporation organized and existing under the laws of the State of Missouri.

4. Defendant Jeffrey Turk, M.D. at all times relevant represented and held himself out to the public, and in particular to Plaintiff and Decedent, as specialists in the field of radiology.

5. Defendant Seyed Sajadi, M.D. at all times relevant represented and held himself out to the public, and in particular to Plaintiff and Decedent, as a medical doctor qualified to render medical care in an emergency room.

6. At all relevant times, Defendant Samaritan Memorial Hospital held itself out as having the facilities, equipment, physicians, staff, nurses, and other medical and nursing personnel who were expected to be well trained in their respective fields and able to render skillful, proper and expert services to properly treat Karla Lammers.

7. At all relevant times, Defendants Sajadi and Turk were the agents, employees or servants of Defendant Samaritan Memorial Hospital and acted within the course and scope of that employment.

8. On April 19, 2004, Karla Lammers arrived at the Samaritan Memorial Hospital emergency room via ambulance

{7365/51899 DOC.}

2

with complaints of shortness of breath and chest pain. Earlier in the day, she almost passed out.

9. Karla Lammers was seen in the emergency room by Defendant Sajadi on April 19, 2004.

10. While she was in the emergency room, Karla Lammers made additional complaints of pain in her right shoulder radiating into her neck. In addition, she complained of "needles" in her chest when she would take a deep breath.

11. While she was at the hospital on April 19, 2004, Karla Lammers received a chest x-ray.

12. While she was at the hospital on April 19, 2004, Karla Lammers had an electrocardiogram.

13. The electrocardiogram was abnormal.

14. Notwithstanding Karla Lammers' symptoms and the results of diagnostic tests, Defendant Sajadi discharged Karla Lammers to go home.

15. On April 20, 2004, Karla Lammers again arrived at Samaritan Memorial Hospital via ambulance with complaints of right shoulder pain, chest pain, and shortness of breath.

16. On April 20, 2004, Karla Lammers died while at Samaritan Memorial Hospital.

17. Defendant Turk did not interpret Karla Lammers x-rays until April 21, 2004.

{7365/31899.DOC.}

3

18. An autopsy of Karla Lammers determined that the cause of her death was multiple bilateral pulmonary thromboemboli.

### COUNT I: WRONGFUL DEATH

COME NOW Plaintiffs and for Count I of their Petition state:

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 of this petition as though fully set forth herein.

20. Defendant Sajadi was negligent in the following particulars:

   a. In failing to recognize that Decedent's chest x-rays and abnormal electrocardiogram warranted admission into the hospital on April 19, 2004, not a discharge to go home;

   b. In failing to advise Decedent of her abnormal electrocardiogram;

   c. In failing to recommend additional diagnostic workup to either confirm or exclude a diagnosis of a pulmonary embolism;

   d. In discharging Decedent on April 19, 2004;

   e. In failing to recommend the appropriate referral for additional diagnostic work up to

either confirm or exclude a diagnosis of a pulmonary embolism;

f. In failing to obtain a pulmonary or cardiology consult;

g. In such other particulars as may become apparent during the course of discovery in this case.

21. Defendant Turk was negligent in failing to interpret the x-rays of April 19, 2004 until after the death of Karla Lammers and in failing to advise Defendant Sajadi of necessary additional work up to either confirm or exclude a diagnosis of a pulmonary embolism or other pulmonary or cardiology problems.

22. In addition to being vicariously liable for the negligent acts of Defendants Sajadi and Turk under the doctrine of respondeat superior, Defendant Samaritan Memorial Hospital independently was negligent in the following particulars:

a. In hiring and/or retaining Seyed Sajadi without performing an appropriate background check into his credentials and background;

b. In failing to have appropriate policies and procedures in place that would allow for timely referrals to specialists or institutions that

would have allowed Karla Lammers to receive timely medical care;

c. In such other particulars as is learned through discovery.

23. As a direct and proximate result of the negligence of these defendants as set forth in Paragraphs 20 through 22 of this Petition, Decedent died on April 20, 2004, and Plaintiff Danny Slates was damaged thereby.

24. As a direct and proximate result of the negligence of these defendants as set forth in Paragraphs 20 through 22 of this Petition, Decedent was forced to endure severe and debilitating pain and suffering that would not have otherwise been necessary.

WHEREFORE, Plaintiffs request judgment in their favor in an amount that is fair and just, in excess of $25,000, for their costs incurred herein and for such further relief as the court deems just.

## COUNT II: LOST CHANCE OF SURVIVAL/RECOVERY

COME NOW Plaintiffs and for Count II of their Petition state:

25. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 and 20-22 of this Petition as though fully set forth herein.

26. As a direct and proximate result of the negligence of these defendants as set forth in Paragraphs 20-22 of this Petition, Decedent lost a material, significant and substantial chance of survival and/or recovery that she otherwise had if she had received the appropriate work up and treatment.

WHEREFORE, Plaintiffs request judgment in their favor in an amount that is fair and just, in excess of $25,000, for their costs incurred herein and for such further relief as the court deems just.

*Robert H. Houske*

Robert H. Houske         #36550
John S. Rollins          #42265
HOUSKE & ROLLINS, P.C.
4550 Belleview
Kansas City, Missouri 64111
TELEPHONE: (816) 756-5800
FACSIMILE: (816) 756-1999

ATTORNEYS FOR PLAINTIFFS

{7365/51899.DOC.}

7

## IN THE 41ST JUDICIAL CIRCUIT COURT, MACON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: <br> HADLEY E GRIMM | Case Number: 06MA-CC00023 |
| Plaintiff/Petitioner: <br> DANNY SLATES <br><br> vs. | Plaintiff's/Petitioner's Attorney/Address: <br> ROBERT HAROLD HOUSKE <br> SUITE 1900 <br> 1100 MAIN STREET <br> KANSAS CITY, MO 641052112 |
| Defendant/Respondent: <br> SEYED SAJADI M.D. <br><br> Nature of Suit: <br> CC Wrongful Death | Court Address: <br> DIVISION I <br> 101 E WASHINGTON <br> PO BOX 382 <br> MACON, MO 63552 |

**MACON COUNTY CIRCUIT COURT DIV. I**
**FILED**
**DEC 06 2006**
**JUDITH A. ROBERTS**
**Circuit Clerk & Ex-Officio Recorder**

(Date File Stamp)

### Summons for Personal Service Outside the State of Missouri
(Except Attachment Action)

The State of Missouri to: SEYED SAJADI M.D.
Alias:

14404 ENGLAND
OVERLAND PARK, KS 66221

COURT SEAL OF
MACON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this petition.

12-6-06
Date

_Judith A. Roberts_ by
_L. Dally_ Deputy
Clerk

Further information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

Service Fees, if applicable
Summons         $_____
Non Est         $_____
Mileage         $_____ (_____ miles @ $_____ per mile)
Total           $_____

See the following pages for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondents or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14).

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

IN THE CIRCUIT COURT OF MACON COUNTY, MISSOURI

DANNY SLATES, Individually )
And as Plaintiff Ad Litem for )
KARLA LAMMERS, deceased, )
              Plaintiffs, )
             )
v. ) Case No. 06MA-CC00023
           )
SEYED SAJADI, M.D., )
JEFFREY TURK, M.D., and )
SAMARITAN MEMORIAL HOSPITAL )
             Defendants. )



MACON COUNTY CIRCUIT COURT DIV. 1
FILED
APR 19 2006
JUDITH A. ROBERTS
Circuit Clerk & Ex-Officio Recorder

**ORDER**

FOR GOOD CAUSE SHOWN, Plaintiff Danny Slates is hereby appointed as Plaintiff Ad Litem pursuant to R.S.Mo. §537.021 in his cause of action for the decedent Karla Lammers.

SO ORDERED this 19th day of April, 2006.

                                               JUDGE

IN THE CIRCUIT COURT OF MACON COUNTY, MISSOURI

DANNY SLATES, Individually )
and as Plaintiff Ad Litem for )
KARLA LAMMERS, deceased, )
                     Plaintiffs, )
                     )
v. ) Case No.
                     ) 06MA-CC00023
SEYED SAJADI, M.D., )
Et.al, )
                    Defendants. )

**SUGGESTIONS IN SUPPORT OF
MOTION TO APPOINT DANNY SLATES
AS PLAINTIFF AD LITEM ON BEHALF OF DECEDENT
KARLA LAMMERS, PURSUANT TO R.S.Mo. § 537.021**

COMES NOW Plaintiff Danny Slates by and through his attorneys of record and offers the following Suggestions in Support of his Motion to Appoint Plaintiff Ad Litem, so that Plaintiff may prosecute the claims listed in his Petition for Wrongful Death. In support of this Motion, Plaintiff alleges and states as follows:

1. That at the time of her death, decedent Karla Lammers was possessed of a cause of action for personal injuries to her in the manner and under the circumstances as alleged in Plaintiff's Petition for Survival Damages.

2. That R.S.Mo. § 537.021 provides that when there exists a cause of action for injuries, which action survives the death of the person injured, the Circuit Court in which the action is brought "shall appoint a plaintiff

ad litem at the request of the plaintiff or other interested person as delineated in § 537.080 and that such person shall be entitled to the proceeds of such actions. Such plaintiff ad litem may maintain such action instead of a personal representative of the deceased and may maintain the action as an alternative theory in any action under § 537.080 . . ." R.S.Mo. § 537.021.1(1)(1993).

3. Plaintiff Danny Slates was the son of Karla Lammers at the time of her death, is the person entitled to maintain an action under R.S.Mo. §537.080 and desires to pursue an action against the Defendants named in his Petition for Survival Damages or in the Alternative for Wrongful Death, and pursuant to R.S.Mo. §537.021, respectfully requests the Court to appoint him as Plaintiff Ad Litem on behalf of his deceased mother, Karla Lammers for this purpose.

WHEREFORE, on the foregoing facts and grounds, Plaintiff respectfully moves the Court to appoint Danny Slates as Plaintiff Ad Litem on behalf of decedent Karla Lammers for the purpose of filing the Petition for Survival Damages or in the Alternative for Wrongful Death.

*Robert H. Houske* (signature)

John S. Rollins #42265
Robert H. Houske #36550
HOUSKE & ROLLINS, P.C.
4550 Bellaview
Kansas City, Missouri 64111
TELEPHONE: (816) 756-5800
FACSIMILE: (816) 756-1999

ATTORNEYS FOR PLAINTIFFS

IN THE CIRCUIT COURT OF MACON COUNTY, MISSOURI

DANNY SLATES, Individually )
and as Plaintiff Ad Litem for )
KARLA LAMMERS, deceased, )
)
    Plaintiffs, )
)
v. )  Case No.
)
SEYED SAJADI, M.D., )  06 MA-CC00023
Et. al, )
)
    Defendants. )

*[FILED APR 19 2006, JUDITH A. ROBERTS, Circuit Clerk & Ex-Officio Recorder, Macon County Circuit Court Div. I]*

### MOTION TO APPOINT DANNY SLATES AS PLAINTIFF AD LITEM ON BEHALF OF DECEDENT KARLA LAMMERS, PURSUANT TO R.S.Mo. § 537.021

COMES NOW Plaintiff by and through his attorneys of record and, for his Motion to Appoint Plaintiff Danny Slates as Plaintiff Ad Litem on behalf of decedent Karla Lammers, pursuant to R.S.Mo. § 537.021.1(1)(1993), states as follows:

Plaintiff adopts herein as more fully set out, all statements, facts, and allegations contained in Plaintiff's Suggestions in Support of this Motion.

WHEREFORE, on the foregoing facts and grounds, Plaintiff respectfully moves the Court to appoint Danny Slates as Plaintiff ad Litem on behalf of decedent Karla Lammers, so that Plaintiff may prosecute a Petition for Wrongful Death or in the Alternative for Survival Damages, and for such other relief as the Court deems just and proper.


*[signature: Robert H. Houske]*

_____
John S. Rollins          #42265
Robert H. Houske         #36550
HOUSKE & ROLLINS, P.C.
4550 Belleview
Kansas City, Missouri 64111
TELEPHONE: (816) 756-5800
FACSIMILE: (816) 756-1999

ATTORNEYS FOR PLAINTIFFS

IN THE CIRCUIT COURT OF MACON COUNTY, MISSOURI

DANNY SLATES, Individually
and as Plaintiff Ad Litem for
KARLA LAMMERS, deceased,

   Plaintiffs,

v.

SEYED SAJADI, M.D.,
Et. al,

   Defendants.

Case No.



## MEMORANDUM TO THE CLERK (SERVICE INFORMATION)

Defendant Samaritan Memorial Hospital may be served through the Macon County Sheriff by serving Murrell Arnett at Samaritan Memorial Hospital, 1205 N. Missouri, Macon, MO 63552.

Defendant Seyed Sajadi, M.D. may be served through the sheriff of Johnson County, Kansas. Seyed Sajadi's has a listed address of 14404 England, Overland Park, KS 66221. If the clerk prepares the summons and attaches the petition to the summons and returns the service packet to Plaintiffs' counsel, Plaintiffs' counsel will see to it that the sheriff receives this packet for service.

Defendant Jeffrey Turk may be served through the Randolph County Sheriff by serving Jeffrey Turk at his place of employment, Moberly Radiology & Imaging, LLC, 1509 Union Ave., Moberly, MO 65270. We are enclosing a check made payable to the Sheriff of Randolph County in the amount of

$26.68 for its administrative fee. The Randolph County Sheriff is located at 372 Highway JJ, Huntsville, MO 65259.

*Robert H. Houske*

John S. Rollins        #42265
Robert H. Houske       #36550
HOUSKE & ROLLINS, P.C.
4550 Belleview
Kansas City, Missouri 64111
TELEPHONE: (816) 756-5800
FACSIMILE: (816) 756-1999

ATTORNEYS FOR PLAINTIFFS